UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**BISMARK GUITIERREZ,**             )
                                    )
       Petitioner,              )
                                    )  Civil Action No.
       v.                       )  17-10557-FDS
                                    )
**JOSEPH MURPHY,**                  )
                                    )
       Respondent.              )
_____ )

### MEMORANDUM AND ORDER ON RESPONDENT'S MOTION TO DISMISS

**SAYLOR, J.**

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Bismark Guitierrez was convicted in Massachusetts state court in 2010 of two counts of armed assault with intent to murder and one count of unlawful possession of a firearm. Proceeding *pro se*, Guitierrez now contends that his state and federal constitutional rights were violated. Respondent Joseph Murphy has moved to dismiss the petition as time-barred under 28 U.S.C. § 2244(d). For the reasons stated below, the motion will be granted.

**I.    Background**

On December 20, 2010, Bismark Guitierrez was convicted of two counts of armed assault with intent to murder and one count of unlawful possession of a firearm. (ADD 1-2). On January 3, 2011, he was sentenced to a term of imprisonment of 8 to 12 years on one count of armed assault and probation of 5 years on the other count of armed assault. (ADD 4). In addition, he was sentenced to a term of imprisonment of 4 to 5 years on the count of unlawful possession of a firearm. (*Id.*). The prison terms were to be served concurrently with a sentence

Guitierrez was already serving on an unrelated conviction. (*Id.*).

Guitierrez then appealed to the Massachusetts Appeals Court, raising eight claims. *Commonwealth v. Gutierrez*, 2013 WL 5941068 (Mass. App. Ct. Nov. 7, 2013).[1] The Appeals Court affirmed the conviction. (*Id.*). Guitierrez then applied for leave to obtain further appellate review by the Supreme Judicial Court, but the SJC denied his application on December 19, 2013. (ADD 164). He did not seek further review by the United States Supreme Court.

On August 27, 2014, Guitierrez filed a motion for a new trial in the Superior Court pursuant to Mass. R. Civ. P. 30, attaching an affidavit by his co-defendant Felix Pierre. (ADD 5; Docket No. 1, Ex. 1 at 4). In the affidavit, Pierre stated that it was he and not Guitierrez who fired the shots that were the basis of Guitierrez's convictions for armed assault with intent to murder. (Docket No. 1, Ex. 1 at 4). The Superior Court denied the motion on October 30, 2014, finding that "[t]here was substantial evidence that Guitierrez fired the weapon" and that Pierre's affidavit was not credible, as he had already been exonerated. (*Id.* at 4-6).

On November 21, 2014, Guitierrez filed an appeal with the Massachusetts Appeals Court. (ADD 166). The Appeals Court affirmed the denial of the motion for a new trial, holding that the judge did not abuse her discretion in finding that Pierre's affidavit lacked credibility. *Commonwealth v. Gutierrez*, 2016 WL 857382, at *2 (Mass. App. Ct. Mar. 4, 2016). The SJC denied Guitierrez's application for leave to obtain further appellate review on April 27, 2016. (ADD 171).

On April 13, 2017, Guitierrez filed this petition for a writ of habeas corpus. Respondent

---

[1] The state court record sometimes refers to petitioner as "Bismarck Gutierrez."

has moved to dismiss the petition as time-barred.[2]

## II. Analysis

Effective April 24, 1996, Congress enacted a statute of limitations applicable to federal habeas corpus petitions filed by state prisoners as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d). That statute sets a one-year limitation period that runs from the time that the state court judgment of conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Judgments are considered "final" for AEDPA purposes "when the ninety-day period for seeking certiorari expire[s]." *Neverson v. Farquharson*, 366 F.3d 32, 36 (1st Cir. 2004).

As noted, the Massachusetts Appeals Court affirmed petitioner's conviction, and the Supreme Judicial Court subsequently denied further appellate review on December 19, 2013. His conviction became final ninety days thereafter, on March 19, 2014, when his opportunity to seek a writ of certiorari expired. A total of 161 days elapsed between that date and the date when petitioner filed a motion for a new trial in the Superior Court on August 27, 2014.[3]

The AEDPA also excludes from the one-year limitations period the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Therefore, the one-year limitations period was tolled between August 27, 2014, and April 27, 2016, the date on which the SJC denied further appellate review of the Superior Court's denial of the motion for a new trial.

---

[2] On October 2, 2017, petitioner moved for an extension of time to file an opposition to respondent's motion to dismiss. The Court granted his motion, extending the deadline for filing an opposition to November 8, 2017. However, no opposition has since been filed.

[3] Petitioner may have also filed his motion for a new trial on August 19, 2017. (Docket No. 1, Ex. 1 at 4). Even if the motion was filed on that earlier date, it would not affect the disposition of this motion.

3

Another 351 days elapsed before petitioner filed the present petition for a writ of habeas corpus on April 13, 2017. Therefore, excluding the tolling period, 512 days passed between the date petitioner's conviction became final and the date he filed his petition. That exceeds the one-year limitations period by a considerable margin.

Equitable tolling of the AEDPA's limitations period may be available when "extraordinary circumstances" beyond the petitioner's control prevented the prompt filing of the petition. *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005). In order to establish grounds for equitable tolling, a habeas petitioner must demonstrate both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir. 2010) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations omitted)); *see also Holmes v. Spencer*, 822 F.3d 609, 612 (1st Cir. 2016) ("Holmes II") (describing the test as providing "two necessary conditions"). Courts must apply that standard subject to the caution that "equitable tolling is 'the exception rather than the rule.'" *Holmes v. Spencer*, 685 F.3d 51, 62 (1st Cir. 2012) ("Holmes I") (quoting *Trapp v. Spencer*, 479 F.3d 53, 59 (1st Cir. 2007)).

Petitioner has failed to show that he diligently pursued his claims after the SJC denied his request for further appellate review of his motion for a new trial. Nor has he shown that extraordinary circumstances prevented a timely filing. At most, the delay suggests basic oversight amounting to "garden variety" negligence that the Supreme Court has stated does not constitute a basis for equitable tolling. *Holland*, 560 U.S. at 651 (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

In sum, petitioner failed to file within the time period required under AEDPA and has not made any showing that equitable tolling is warranted. The petition is therefore time-barred

4

under 28 U.S.C. § 2244(d) and will be dismissed.

## III. Conclusion

For the reasons stated above, respondent's motion to dismiss is GRANTED.

**So Ordered.**

                                              /s/ F. Dennis Saylor
                                              F. Dennis Saylor IV
Dated: November 27, 2017                United States District Judge