# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                          )
**BISMARK GUITIERREZ,**                   )
                                          )
             **Petitioner,**              )
                                          )        **Civil Action No.**
**v.**                                    )        **17-10557-FDS**
                                          )
**JOSEPH MURPHY,**                        )
                                          )
             **Respondent.**              )
_____)

## ORDER ON CERTIFICATE OF APPEALABILITY

**SAYLOR, J.**

On December 20, 2010, Bismark Guitierrez was convicted in the Superior Court of two counts of armed assault with intent to murder and one count of unlawful possession of a firearm. On January 3, 2011, he was sentenced to a term of imprisonment of 8 to 12 years on one count of armed assault and probation of 5 years on the other count of armed assault. In addition, he was sentenced to a term of imprisonment of 4 to 5 years on the count of unlawful possession of a firearm. The prison terms were to be served concurrently with a sentence Guitierrez was already serving on an unrelated conviction.

After exhausting his appeals in the state courts, he petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 13, 2017. This Court dismissed the petition as time-barred on November 27, 2017. He has since filed a motion for reconsideration and a motion to vacate the Court's dismissal of his petition. In those motions, petitioner appears to seek a certificate of appealability ("COA").

A COA will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In the First Circuit, "the necessity for a substantial

showing extends independently to each and every issue raised by a habeas petitioner." *Bui v. DiPaolo*, 170 F.3d 232, 236 (1st Cir. 1999). When the district court has rejected a constitutional claim on the merits, a COA will issue only if the petitioner "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court has denied a habeas petition on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

That standard has not been satisfied here. The Court concludes that jurists of reason would not find it debatable that the claim is time-barred.

Accordingly, a certificate of appealability is DENIED as to all claims.

**So Ordered.**

s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: January 2, 2018                    United States District Judge